EMANUEL GROSS, PLAINTIFF-RESPONDENT, v. NEW
    YORK CENTRAL RAILROAD COMPANY, DEFEND-
    ANT-APPELLANT.

Submitted December 6, 1922—Decided August 4, 1923.

**Contracts—Shipment of Goods—Right of Action Barred After
Two Years and a Day—Contract Between Shipper and Car-
rier to Settle Claim for Specific Amount, Sued on After Right
of Action Barred—Judgment for Plaintiff Reversed.**

On appeal from the Hudson County Court of Common
Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the appellant, *Wall, Haight, Carey & Hartpence*
(*Eugene H. Vredenburgh* on the brief).

For the respondent, *Gross & Gross*.

PER CURIAM.

This action was brought to recover losses alleged to have
been sustained by the plaintiff's assignor, the Southseas Im-
port and Export Company, as a result of damage to a ship-
ment of honey, delivered to the Southern Pacific Company in
Nevada, by the Hicks Southerland Company, during the
month of October, 1917, for transportation to consignees in
the east, and finally diverted to the order of the Southseas
company.

The suit was begun February 24th, 1921, more than three
years after the shipment arrived at its destination in New
York City, and was tendered to the Southseas company for
delivery.

The complaint contained three counts; the first alleging
breach of the contract to transport safely; the second breach

of the defendant's duty as bailee, and the third alleging a contract between defendant and the Southseas company to settle the claim for $1,151.64.

The defendant pleaded that the action had not been instituted within the time required by the bill of lading under the terms of which the property was transported, and also denial of any contract to settle.

At the trial, and before the jury was empaneled, the defendant moved to strike out the complaint on the ground that the suit had not been instituted within the time limited by the following clause of the bill of lading: "And suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The court struck out the first and second counts, but refused to strike out the third count, and an exception was taken to such refusal.

The case went to trial upon the third count alone. The trial judge in his charge stated that "no action can be brought against a railroad company engaged in interstate traffic after the expiration of two years and one day from the time the cause of action occurs, and, *concededly, in this case the action was started after the expiration of that time.*" And so, the only question of fact submitted to the jury was whether or not the defendant railroad company had promised to pay to the Southseas company a certain sum of money in consideration of the promise of the latter not to sue. The jury returned a verdict for the plaintiff, and from the judgment entered thereon the defendant appeals.

We think that the judge erred in refusing to strike out the third count. It sufficiently appeared, or was conceded, that the shipment was interstate in character and was controlled by the provisions of the Interstate Commerce act, and that, as required by that act, upon the receipt of the honey for transportation, the Southern Pacific Company (the initial carrier) issued a bill of lading therefor which contained the

provision that suit shall be instituted only within two years and one day after the delivery of the property hereinabove recited, and which was in accordance with the bill of lading form in the schedule filed by the Southern Pacific Company, as required by the act and in force at that time.

In the circumstances of the present case that clause in the bill of lading was binding upon the shipper and carrier alike and must be enforced by the courts. "The parties cannot substitute therefor a special argument." *Southern Railway Co.* v. *Prescott,* 240 *U. S.* 632. "The question is not one of form but of actuality." "The effect of the stipulation cannot be escaped by the mere form of the action, the scope and effect of which is an action for damages against the carrier." *D'Utassy* v. *Barrett,* 219 *N. Y.* 420. (Citing *Great Northern Railway Co.* v. *O'Connor,* 232 *U. S.* 508; *A. T. & S. F. Ry. Co.* v. *Robinson,* 233 *Id.* 173; *Southern Railway Co.* v. *Prescott, supra; G. F. & A. Ry. Co.* v. *Blish Co.,* 241 *U. S.* 190.)

In *Georgia F. & A. Ry. Co.* v. *Blish Milling Co.,* 241 *U. S.* 190, it was said: "But the parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act, nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct, and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariff and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed." In *A. J. Phillips Co.* v. *Grand Trunk West Railway Co.,* 236 *Id.* 662, it was further said that "under such a statute the lapse of time not only bars the remedy but destroys the liability." * * * "The prohibitions of the statute against unjust discriminations relate not only to inequality of charges and inequality of facilities, but also to the giving of preferences by means of consent judgments or *the waiver of defences open to the carrier.* The railroad company, therefore, was bound to claim the benefit of the statute." This case is cited in *Olivit Brothers* v. *Pennsylvania Railroad Co.,* 88 *N. J. L.* 241.

In the case at bar the plaintiff had a right of action which he could assert against the carrier at any time within two years and one day from the date of delivery of the shipment. This he did not do, but allowed the period of limitation to elapse. He now seeks to enforce his claim by setting up a contract which enlarges and revives the liability of the carrier as defined by the terms of the bill of lading. This he could not do, since, as seen, under the authority of the cases, his right of action was extinguished and the liability of the carrier was terminated.

The judgment will be reversed.